UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                               :

ROBINSON PERALTA,                      :

                              :

                   Plaintiff,        :

                              :             23-CV-10785 (JMF)

            -v-                 :

                              :          OPINION AND ORDER

CITY OF NEW YORK et al.,        :

                              :

                   Defendants.   :

                              :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff Robinson Peralta, proceeding without counsel, alleges that Defendants violated

his constitutional rights.  By order dated December 14, 2023, Chief Judge Swain granted his

request to proceed *in forma pauperis* ("IFP") — i.e., without prepayment of fees.  *See* ECF No.

4.  On February 6, 2024, this case was reassigned to the undersigned based on its similarity to a

case that Plaintiff filed in 2021 and over which this Court presided.  *See Peralta v. NYPD*, No.

21-CV-6395 (JMF) ("*Peralta I*").  For the following reasons, Plaintiff's Complaint is dismissed.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis added). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* at 678-79. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555-56.

## BACKGROUND

### A. Prior Case

On July 27, 2021, Plaintiff filed a complaint alleging that, beginning in 2010, New York City Police ("NYPD") personnel and other people harassed him, based on the false belief that he had committed a murder, and that city and federal agencies to whom he complained failed to investigate his claims. *See Peralta I*, ECF No. 2. By order dated August 31, 2021, the Court: (1) dismissed Plaintiff's claims against the government agencies and some individual defendants; (2) granted Plaintiff leave to replead his claims against two detectives, initially identified as

Hansel Salcedo and Daniel Witten; and (3) ordered service on the City of New York.  *See Peralta I*, 2021 WL 3887795, at *1, 4 (S.D.N.Y. Aug. 31, 2021) (ECF No. 6).  In an amended complaint, Plaintiff alleged, among other things, that on February 13, 2020, Detectives Salcedo and Witten ordered him and his companions out of a car that was parked on West 180th Street in Manhattan and illegally searched them and the car.  *See id.*, ECF No. 12.

On December 28, 2021, the City moved to dismiss the amended complaint.[1]  *See Peralta I*, ECF Nos. 20-23.  On January 3, 2022, the Court granted Plaintiff leave to either file a second amended complaint or to respond to arguments raised in the motion to dismiss.  *See id.*, ECF No. 24.  Plaintiff did neither and instead moved for the Court's recusal, arguing:

> There is strong evidence showing that [the Court] is trying to force the plaintiff to amend the complaint for the purpose of hiding not only his mistake of not giving the order of serving defendants after the plaintiff followed his first order in the memorandum to put more detail as to the detectives . . . [named] in the first amended complaint.

*Id.*, ECF No. 29.  The Court denied the motion for recusal.  *See id.*, ECF No. 30.[2]

In a Memorandum Opinion and Order dated July 18, 2022, the Court granted the City's motion to dismiss, holding that: (1) Plaintiff had failed to provide facts giving rise to a municipal liability claim under Section 1983; and (2) Plaintiff's state law claims were untimely, either

---

[1]      The motion to dismiss was not made on behalf of Salcedo and Witten, who had not been served.  *Peralta I*, ECF No. 23, at 9 n.1.  The United States Marshal Service ("USMS") made several attempts to serve the detectives but was ultimately unsuccessful for several reasons.  First, Plaintiff neglected to inform the Court that Detective Daniel Witten's real name is Daniel Wynne until February 1, 2022.  *See id.*, ECF Nos. 25-27.  Second, although the Court issued two *Valentin* orders and two follow-up service orders once the City provided updated service information, the USMS continued to have difficulty serving the detectives at their precincts.  *See id.*, ECF Nos. 30-33, 41, 47-50, 57, 59-60.  The USMS served Wynne on June 29, 2022, and Wynne answered the Complaint on July 20, 2022.  *See id.*, ECF Nos. 54, 56.  Salcedo was never served.

[2]      The Court also denied a second motion for recusal and warned Plaintiff against filing duplicative motions.  *See Peralta I*, ECF Nos. 43-44.

because he had not timely submitted a notice of claim as required under state law or because he did not file his claim within the statute of limitations period.  *See id.*, ECF No. 55.[3]

Discovery proceeded between February 2022, and March 2023 but was stayed because the parties requested a settlement conference.  *See id.*, ECF Nos. 69, 70.  On May 23, 2023, the parties signed a stipulation of voluntary dismissal, and the matter was dismissed without prejudice.  *See id.*, ECF No. 75.  The following day, Plaintiff filed a notice of appeal.  *See id.*, ECF No. 76.  The Second Circuit dismissed the appeal for lack of jurisdiction.  *See Peralta v. Salcedo*, No. 23-0839 (2d Cir. Oct. 20, 2023) (ECF No. 48).

**B.  This Complaint**

On December 11, 2023, three days after the Second Circuit dismissed the appeal in *Peralta I*, Plaintiff filed this complaint against the City of New York and Detectives Salcedo and Wynne.  *See* ECF No. 1 ("Compl.").  On December 14, 2023, Chief Judge Swain granted Plaintiff leave to proceed IFP.  *See* ECF No. 4.  On February 6, 2024, this matter was reassigned to the undersigned's docket.

This case arises from the same events underlying *Peralta I*.  Among other things, Plaintiff realleges that, on February 13, 2020, Detectives Salcedo and Wynne unlawfully searched him and the car in which he had been sitting on West 180th Street.  Compl. 27-28.  Plaintiff, however, only discusses the actions of Detective Salcedo; although he names Detective Wynne in the caption, there are no factual allegations regarding Wynne's conduct.  *Id.* at 27.  Attached to the complaint are numerous documents from *Peralta I*.  *Id.* at 48-107.

Plaintiff acknowledges that he "already brought this case," but he claims that because the New York City Law Department and the Court committed misconduct and made "major

---

[3]     By letter dated August 29, 2022, Plaintiff asserted that the Court had "no reason" to "remove" the City of New York from the lawsuit.  *See* ECF No. 63.

mistakes" that violated his federally protected rights, he is entitled to relitigate it. *Id.* at 27, 38-48. Among other allegations, Plaintiff claims that the Law Department attorney made false statements during *Peralta I* regarding the alleged 2020 search. *Id.* at 41-42.

Plaintiff discusses the difficulties that the USMS encountered serving Detectives Salcedo and Wynne and claims that the Court and Law Department "wasted a lot of time on things like finding the officers names, locations, and distracting the plaintiff from the important parts of the case." *Id.* at 8-9, 38-43. Plaintiff further claims that in *Peralta I*, the Court was "biased toward" him; did "not apply[] the law"; "kept siding with the [New York City Law Department]"; erred in directing Plaintiff to file an amended complaint; and "fail[ed] to recognize that an early version of the complaint stated a valid claim." *Id.* at 8.

Plaintiff filed a "misconduct complaint" against the Court in connection with *Peralta I*, and he attaches the first page of a decision from the Judicial Council of the Second Circuit. *Id.* at 48. According to Plaintiff, the decision "confirms" that the Court "violated Rule 4 of the FRCP in turn violated [P]laintiff's constitutional rights," *id.* at 8, 11:

> Officer Hansel Salcedo did not get served with notice of this action brought against him thus violating the plaintiffs First Amendment right for redress, and violating FRCP Rule 4, the court also wasted a lot of time by granting extension request when he shouldn't have. The court order from the 2nd Circuit agrees with the plaintiff on the matter. Officer Hansel Salcedo did not get to go through interrogatories. Officer Daniel Wynne did.

*Id.* at 27-28 (capitalization altered).

According to Plaintiff, the statute of limitations does not apply to this case:

> The tolling doctrine is a legal principle that can pause or extend the time limitation for filing a lawsuit in certain circumstances. If the plaintiff can demonstrate that the investigative parties broke the law and failed to provide essential information that stopped the plaintiff from starting a lawsuit. The plaintiff will argue that the statute of limitations should be tolled.

*Id.* at 15 (capitalization altered).

Plaintiff alleges that between 2015 and 2019, he filed multiple complaints with the Civilian Complaint Review Board, Internal Affairs, and the Department of Investigation, but these agencies failed to investigate his claims or to give him "any information about anything." *Id.* at 15-16.  Plaintiff also contacted the United States Department of Justice in 2019, 2020, and 2021, and filed requests under the Freedom of Information Act.  *Id.* at 14, 42-43.

Plaintiff invokes 42 U.S.C. § 1983, 42 U.S.C. § 14141, 18 U.S.C. § 242, and he also claims that the NYPD defamed him because it "destroyed" his reputation.[4]  *Id.* at 16, 24-25, 30, 43.  Plaintiff seeks $1 billion in damages and an "injunction against [the] NYPD and block watchers — and a concealed carry permit for the outside of my home all records wiped clean — police records — driver license — my name erased from any police watch list and suspect list — gang database."  *Id.* at 6.

## DISCUSSION

### A.  Reassignment to the Undersigned

Under the Rules of the Division of Business Among District Judges, the Southern District of New York, cases are generally assigned by lot to one judge for all purposes.  Rule 4(b) provides:

> An action, case, or proceeding may not be dismissed and thereafter refiled for the purpose of obtaining a different judge.  If an action, case, or proceeding, or one essentially the same, is dismissed and refiled in this court, or removed or transferred to this court, it shall be assigned to the same judge.  It is the duty of every attorney appearing to bring the facts of the refiling to the attention of the clerk.

---

[4]     Plaintiff alleges that on September 11, 2022, NYPD officers failed to investigate a hit-and-run accident in which he was involved.  *See id.* at 33-37.  Plaintiff already filed a lawsuit in connection with that incident.  *See Peralta v. City of New York*, No. 22-CV-9829 (LTS), 2023 WL 1823447 (S.D.N.Y. Mar. 6, 2022) (ECF No. 7) (dismissing amended complaint for failure to state a municipal liability claim or to allege facts suggesting a constitutional violation), *affirmed* No. 23-0340 (2d Cir. May 4, 2023) (ECF No. 17) (dismissing appeal for failure to pay the filing fees or to seek leave to proceed IFP).  Accordingly, the Court declines to consider that allegation.

In counseled cases, Rule 4(b) requires plaintiffs to "refer actions to this Court 'as related to a prior pending action seeking the same relief against the same party.'" *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 172 n.7 (S.D.N.Y. 2012). The Rule applies to *pro se* cases. *See Smith v. Mt. Sinai Hosp.*, No. 84-CV-9111 (CSH), 1985 WL 561, at *2-3 (S.D.N.Y. Apr. 22, 1985). Cases may not be dismissed for the purpose of obtaining a different judge. *Kahn v. General Motors Corp.*, 865 F. Supp. 210, 215 (S.D.N.Y. 1994) (citing Rules 1, 4(b), 8).

Because Plaintiff dismissed and refiled what is essentially the same complaint that he filed in *Peralta I*, Rule 4(b) required that this matter be reassigned to the undersigned's docket.[5]

## B. Allegations Regarding *Peralta I*

Any claims that arise from *Peralta I* must be dismissed. The proper procedure for seeking review of a dismissed action is to move for reconsideration in that case or pursue a properly filed appeal in the United States Court of Appeals for the Second Circuit, *see* Fed. R. App. P. 4, not to file a new action or sue the judge who issued the order.[6] *See, e.g.*, *Fontil v. Swain*, No. 23-CV-5528 (LGS), 2023 WL 4897056, at *4 (S.D.N.Y. Aug. 1, 2023) (noting that a Section 1983 "litigant's remedy is to appeal, not to sue the judge" who issued an adverse ruling)

---

[5] Plaintiff acknowledges that he refiled the same claims because he believes that *Peralta I* was not fairly litigated. Compl. 9-11. In addition, he twice sought the Court's recusal in *Peralta I*, and filed a notice of appeal after agreeing to voluntarily dismiss that case, apparently unaware that the Circuit would lack jurisdiction of an appeal from a voluntary dismissal. *See id.* ECF Nos. 29, 43, 76.

[6] Plaintiff alleges that he filed a judicial misconduct complaint against the Court. He provides only the first page of the Judicial Council decision adjudicating that complaint, which he paraphrased as "confirm[ing]" that the Court violated Plaintiff's constitutional rights, and "agree[ing]" that the Court "wasted a lot of time by granting extension request when he shouldn't have." Compl. 8-9, 11. Plaintiff's characterization of the Judicial Council decision, the full text of which is publicly available, is not accurate. The decision summarized Plaintiff's allegations of misconduct, bias, and corruption, dismissed them as "merits-based," and explained that if Plaintiff sought "to challenge the Judge's various decisions, he may do so, to the extent the law allows, only through normal appellate procedures." *In re Charge of Judicial Misconduct*, No. 22-90056-jm (Apr. 24, 2023). The decision thus belies Plaintiff's assertion that the decision agreed or confirmed his claims regarding the litigation in *Peralta I.*

(quoting *Hudson v. Town of Pine Plains-Just. Christie Acker*, No. 12-CV-CV-5548 (KMK) (PED), 2012 WL 13208570, at *7 (S.D.N.Y. Sept. 12, 2012)).  To the extent Plaintiff seeks any type of declaratory relief, he may not seek such relief based on a judge's past conduct.  *See Shtrauch v. Dowd*, 651 F. App'x 72, 74 (2d Cir. 2016) (holding that the plaintiff was not entitled to declaratory relief because he alleged "only past conduct and does not seek to prevent an ongoing or future violation of federal law" (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996))); *accord Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *3 (E.D.N.Y. July 5, 2023).

## C.  Claims Against the City of New York

Plaintiff's claims against the City of New York are barred under the doctrine of claim preclusion.[7]  Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits.  *See Brown v. Felsen*, 442 U.S. 127, 131 (1979).  Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action — even if they were not actually litigated."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020).  Claim preclusion generally applies if: "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent

---

[7]     Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue.  *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions").

jurisdiction, and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation and internal quotation marks omitted)).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Plaintiff acknowledges that he already brought these claims against the City in *Peralta I.* His claims against the City were dismissed on the merits. *See Peralta I*, ECF No. 55. This is precisely what the doctrine of res judicata bars — relitigating of claims that were raised and adjudicated in a prior action. *See Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997). Plaintiff's claims and allegations were previously raised and dismissed in *Peralta I* and are therefore barred by res judicata. *See Bray v. New York Life Ins.*, 851 F.2d 60, 64 (2d Cir. 1988) (holding that under New York law, a dismissal on statute of limitations grounds is a final judgment on the merits for res judicata purposes); *Stinson v. City Univ. of N.Y.*, No. 19-CV-4191 (LLS), 2019 WL 3287958, at *2 (S.D.N.Y. July 19, 2019) ("[A] dismissal for failure to state a claim operates as a 'final judgment on the merits and thus has res judicata effects.'" (quoting *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016))).

Accordingly, the Court declines to grant Plaintiff leave to amend as to any municipal liability claims on the grounds of futility. *See Marcelin v. Cortes-Vazquez*, No. 09-CV-4303, 2011 WL 346682, at *5 (E.D.N.Y. Jan. 28, 2011) (declining to grant leave to amend where the plaintiff's claims and issues were barred by res judicata and preclusion "would require dismissal

of the complaint as amended").  In making its findings, the Court has granted Plaintiff the special

solicitude owed to a *pro se* litigant and considered the allegations in this new complaint;

however, any additional allegations do not suggest that Plaintiff can state plausible claims

against the City of New York.

**D.  Claims Against Detectives Salcedo and Wynne**

**1.  42 U.S.C. § 1983**

Plaintiff's Section 1983 claims against Salcedo and Wynne are plainly time-barred.  The

statute of limitations for Section 1983 claims is found in the "general or residual [state] statute

[of limitations] for personal injury actions."  *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d

Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 250 (1989)).  In New York, that period is

three years.  *See* N.Y. C.P.L.R. § 214(5).  Section 1983 claims generally accrue when a plaintiff

knows or has reason to know of the injury that is the basis of the claim.  *Hogan v. Fischer*, 738

F.3d 509, 518 (2d Cir. 2013).  Here, Plaintiff's claims against Salcedo and Wynne are based upon

a February 13, 2020 search.  Because Plaintiff knew or had reason to know of the alleged

unlawful conduct when the incident occurred, his Section 1983 claim accrued on that date.

Plaintiff did not file this complaint, however, until December 11, 2023, about ten months beyond

the limitations period.

When a case is voluntarily dismissed without prejudice, the statute of limitations is not

automatically tolled.  *See Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 525 (S.D.N.Y.

2015); *Hollenberg v. AT&T Corp.*, No. 95-CV-9515 (LMM), 2001 WL 1518271, at *4 (S.D.N.Y.

Nov. 28, 2001) ("Voluntary dismissal or discontinuance does not toll the statute of limitations.");

*Maldonado ex rel. Maldonado v. Apfel*, 55 F. Supp. 2d 296, 301 (S.D.N.Y. 1999) ("[A] dismissal

without prejudice does not automatically toll the running of [the] statute of limitations.") (citing

*Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996))).  Instead, as the Second Circuit has

explained, "voluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought." *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952) (citation omitted); *see also Smith v. Mt. Sinai Hosp. & Med. Ctr.*, No. 88-CV-3472 (CSH), 1990 WL 33576, at *2 (S.D.N.Y. Mar. 22, 1990).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citations omitted). A plaintiff must show that he was "prevented in some extraordinary way from exercising his rights." *Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351 (SHS), 2006 WL 2742043, at *14 n.4 (S.D.N.Y. Sept. 25, 2006) ("although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is 'unable to protect [his] legal rights because of an overall inability to function in society'" (citation omitted)). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order); *id.* at § 204(b) (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable); *id.* at § 207(3) (defendant is outside New York at the time the claim accrues); *id.* at § 208 (plaintiff is disabled by infancy or insanity); *id.* at § 210 (death of plaintiff or defendant).

Plaintiff's allegations that law enforcement agencies "broke the law" and failed to investigate his allegations or "provide essential information" to him do not suggest that any defendant fraudulently concealed the fact that Plaintiff had a cause of action or induced him to forego a lawsuit until the statute of limitations expired.   Indeed, it is well-established that there is "no constitutional right to an investigation by government officials."  *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008); *see also Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 284 (N.D.N.Y. 2018) (dismissing "constitutional claim against defendants for failing to report [or] investigate his complaints").  Moreover, in any case, the fact that Plaintiff timely filed the first complaint in *Peralta I* forecloses any possibility that he was "prevented in some extraordinary way from exercising his rights."  *Miller*, 755 F.2d at 24.  That is, Plaintiff cannot possibly show that he was prevented from exercising his rights before the statute of limitations expired because Plaintiff actually *did* exercise his rights during the statute of limitations period.

Dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.  *See, e.g.*, *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming sua sponte dismissal of complaint as frivolous on statute of limitations grounds).  Here, it is undisputed that Plaintiff filed his complaint approximately ten months beyond the limitations period and, for the reasons discussed above, neither the voluntary dismissal of his first lawsuit nor the alleged failure to investigate could have tolled the statute of limitations.  Plaintiff's Section 1983 claims against Salcedo and Wynne therefore must be and are dismissed.

2.   **42 U.S.C. § 14141**

Plaintiff also invokes the Violent Crime Control and Law Enforcement Act of 1994,

codified at 42 U.S.C. § 14141. Under that statute:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

34 U.S.C. § 12601.  There is no private right of action under Section 14141.  *See Miller v.*

*Carpinello*, No. 06-CV-12940 (LAP), 2007 WL 4207282, at *15-16 (S.D.N.Y. Nov. 19, 2007).

"By its terms, [Section 14141] provides enforcement authority only to the [United States]

Department of Justice."  *Inkel v. Bush*, No. 04-CV-69 (JBA), 2004 WL 2381747, at *9 (D. Conn.

Oct. 19, 2004) (citing Section 14141(b)).  Accordingly, Plaintiff's claim under that statute must

be and is dismissed for failure to state a claim on which relief may be granted.

3.   **18 U.S.C. § 242**

Plaintiff also asserts a claim under 18 U.S.C. § 242, a criminal statute addressing the

deprivation of rights under color of law.  That statute is part of the United States criminal code,

however, and there is no private right of action under it either.  *See Storm-Eggink v. Gottfried*,

409 F. App'x 426, 427 (2d Cir. 2011); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502,

511 (2d Cir. 1994) (affirming dismissal of plaintiff's claim under 18 U.S.C. § 242 because this

"criminal statute[] . . . do[es] not provide private causes of action" (citations omitted)); *Hill v.*

*Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("We have noted in the past that there is no private

right of action under section 242." (citing *Robinson*, 21 F.3d at 511)).  Accordingly, Plaintiff's

claim under Section 242 must be and is also dismissed for failure to state a claim on which relief

may be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed in its entirety.  More specifically: Plaintiff's claims against the City of New York, filed IFP under 28 U.S.C. § 1915(a)(1), are dismissed on res judicata grounds.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims against Salcedo and Wynne under 42 U.S.C. § 14141 and 18 U.S.C. § 242 are dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's claims against Salcedo and Wynne under 42 U.S.C. § 1983 are dismissed as untimely.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court declines to sua sponte grant Plaintiff leave to amend these claims on the grounds of futility.  *See Chepilko v. Cigna Life Ins. Co.*, 952 F. Supp. 2d 629, 633 (S.D.N.Y. 2013) (denying leave to amend where "there is nothing in the plaintiff's filing that suggests that there is any basis to avoid dismissal of the complaint on the grounds that it is barred by the statute of limitations").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment for Defendant, to mail a copy of this Opinion and Order to Plaintiff, and to close the case.

SO ORDERED.

Dated: April 18, 2024
    New York, New York

_____
JESSE M. FURMAN
United States District Judge