UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                    :

ROBINSON PERALTA,                   :
                    :
           Plaintiff,       :
                    :        23-CV-10785 (JMF)
        -v-             :
                    :       <u>MEMORANDUM OPINION</u>
CITY OF NEW YORK et al.,      :           <u>AND ORDER</u>
                    :
          Defendants.    :
                    :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this action, familiarity with which is assumed, Plaintiff Robinson Peralta, proceeding

without counsel, alleges that Defendants violated his constitutional rights.  By Opinion and

Order dated April 18, 2024, the Court dismissed the case *sua sponte* under 28 U.S.C.

§ 1915(e)(2)(B) as barred by the doctrine of claim preclusion and, to the extent not precluded, as

either time barred or premised on statutes that do not provide a private cause of action.  *See*

*Peralta v. City of New York*, No. 23-CV-10785 (JMF), 2024 WL 1704774 (Apr. 18, 2024).

Peralta appealed, and the Second Circuit affirmed the judgment, "agree[ing] . . . that dismissal of

the complaint was warranted."  *Peralta v. City of New York*, No. 24-1356-CV, 2024 WL

4866704, at *1 (2d Cir. Nov. 22, 2024).  On February 17, 2025, Peralta moved, pursuant to Rule

60(b) of the Federal Rules of Civil Procedure, to vacate the Court's April 18, 2024 dismissal

Order.  *See* ECF No. 11.  By Memorandum Opinion and Order dated February 20, 2025, the

Court denied that motion.  *See* ECF No. 14.  Undeterred, Peralta has now filed another motion to

vacate, *see* ECF No. 15, coupled with a motion to recuse the undersigned, *see* ECF No. 16.

      Upon review of Peralta's motion papers, the Court denies both motions as frivolous and

cautions that further frivolous filings in this case may result in sanctions, including a litigation

bar. *See, e.g.*, *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam) (holding that "a district court may, in its discretion, impose sanctions," including a litigation bar, "against litigants who abuse the judicial process," by filing "vexatious, harassing or duplicative lawsuits[,] . . . caus[ing] needless expense to other parties or . . . pos[ing] an unnecessary burden on the courts and their personnel" (internal quotation marks and alterations omitted)); *see, e.g.*, *Gertskis v. New York Dep't of Health & Mental Hygiene*, No. 13-CV-2024 (JMF), 2014 WL 2933149, at *6-7 (S.D.N.Y. June 27, 2014) (imposing a litigation bar).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 15 and 16 and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: March 4, 2025
     New York, New York

                                    JESSE M. FURMAN
                            United States District Judge